IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JANICE D. NATHANIEL**                                                                                  **PLAINTIFF**

**V.**                                                                **CIVIL ACTION NO. 3:07CV549 HTW-LRA**

**MISSISSIPPI DEPARTMENT OF**
**WILDLIFE, FISHERIES AND PARKS**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the court is a motion for summary judgment [docket no. 22] under Rule 56(b) and (c) of the Federal Rules of Civil Procedure[1] filed by defendant Mississippi Department of Wildlife, Fisheries and Parks. The female plaintiff herein is Janice D. Nathaniel, an employee of Mississippi Department of Wildlife, Fisheries and Parks, who alleges claims of gender discrimination and retaliation pursuant to Title VII of the Civil

---

[1] Rule 56(b) and (c) read as follows:

(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.

(c) Time for a Motion, Response, and Reply; Proceedings.
   (1) These times apply unless a different time is set by local rule or the court orders otherwise:
      (A) a party may move for summary judgment at any time until 30 days after the close of all discovery;
      (B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and
      (C) the movant may file a reply within 14 days after the response is served.
   (2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Rights Act of 1964.[2] This controversy focuses upon the position of Park Worker II, for which defendant selected a male. By its motion for summary judgment, defendant argues that plaintiff cannot establish the *prima facie* case necessary to move beyond defendant's motion for summary judgment. Agreeing with defendant's motion, this court hereby grants summary judgment to defendant for the reasons set out below.

**I. Background**

The undisputed facts are as follows. Plaintiff Janice D. Nathaniel, an African-American female, began employment with defendant Mississippi Department of Wildlife, Fisheries and Parks on July 1, 2003, in the position of Park Worker I at an annual salary of $12,950.00. Plaintiff worked as a fee collector at the Ranger Station. The defendant, Mississippi Department of Wildlife, Fisheries and Parks, a state agency, was created by Miss. Code Ann. § 49-4-6.[3]

Seeking upward advancement, on several occasions, plaintiff inquired about opportunities to be promoted above Park Worker I. One such position about which she inquired was Park Worker II.

On September 22, 2006, defendant promoted Craig Belton, an African-American male, to the Park Worker II position. Defendant did not advertise for that position. Before his elevation, Craig Belton had worked as a part-time Park Worker, having been hired in April or May 2005.

---

[2] Title 42 U.S.C. § 2000e *et seq.*

[3] Section 49-4-6(1) states: There is hereby created the Mississippi Department of Wildlife, Fisheries and Parks, whose principal office shall be located in Jackson, Mississippi.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC)[4] on or about January 6, 2007. That administrative agency issued her a Notice of Right to Sue letter on May 21, 2007. Thereafter, plaintiff filed suit on August 16, 2007, in the Circuit Court of Hinds County, Mississippi. Plaintiff, in her complaint, contends that she should have received the promotion to the Park Worker II position because she was more qualified, had been employed longer, performed the same duties as Belton who was only a part-time employee and because Belton had another full-time job, i.e., forty plus hours weekly, Monday through Friday at Southwest Mental Health Complex, McComb, Mississippi.

Plaintiff raises a federal claim of gender discrimination under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e-2(a)(1).[5] She also alleges that she was a victim of retaliation in violation of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e-3.[6] In her complaint, she asserts that "[a]fter the filing of her EEOC charge,

---

[4] An individual claiming discrimination in violation of Title VII must file a charge of discrimination with the EEOC "within one hundred and eighty days after the alleged unlawful employment practice occurred." Title 42 U.S.C. § 2000e-5(e)(1). The filing of a timely EEOC charge is a statutory prerequisite to filing suit. *EEOC v. WC&M Enters.*, 496 F.3d 393, 398 (5th Cir. 2007) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109, 122 S. Ct. 2061, 153 L.Ed.2d 106 (2002)).

[5] Title 42 U.S.C. § 2000e-2(a)(1) provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."

[6] Title 42 U.S.C. § 2000e-3 states:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any

3

plaintiff was retaliated against by Will Busby, Park Manager." [7]

Plaintiff additionally alleges a state law claim of intentional infliction of emotional distress. She seeks promotion or front pay in lieu of promotion, back pay, lost benefits, compensatory damages, punitive damages, costs, interest and attorney's fees.

Defendants removed this lawsuit from state court to this federal forum on September 18, 2007. Because plaintiff submits Title VII claims, this court has subject matter jurisdiction under Title 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

## II. Law and Analysis

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

---

practice made an unlawful employment practice by this title [42 USCS §§ 2000e-2000e-17], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 USCS §§ 2000e-2000e-17].

[7]In her complaint, plaintiff also mentions sexual harassment. That is the only place it is mentioned. Plaintiff did not raise it in her Charge of Discrimination before the EEOC, and the parties did not mention it in their papers on summary judgment. This court, thus, construes this as a typographical error, but if not, it is dismissed for a failure to exhaust before the EEOC. *See McClain v. Lufkin Indus., Inc.,* 519 F.3d 264, 273 (5th Cir. 2008) (Title VII requires employees to exhaust their administrative remedies before seeking judicial relief. Filing an administrative charge with the EEOC satisfies this requirement.); *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006)) (While a court can read the EEOC charge "somewhat broadly" to determine "what EEOC investigations it can reasonably be expected to trigger," the charge should be sufficient to put EEOC on notice to investigate all claims.); *Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (Allegation of one claim in an EEOC charge does not exhaust plaintiff's remedies as to the other).

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.*

**A. Gender Discrimination**

Plaintiff alleges that the defendant committed gender discrimination in violation of Title VII when it failed to promote her to the Park Worker II position. To establish a prima facie case for a failure to promote claim, a plaintiff must establish that: (1) she is a member of the protected class; (2) she applied for a position for which she was qualified; (3) she was rejected for the position; and (4) after she was rejected, the employer continued to seek applicants with the employee's qualifications or filled the position with someone outside the protected class. *Browning v. Southwest Research Inst.*, 288 Fed. Appx. 170, 175-176 (5th Cir. 2008) (citing *Celestine v. Petroleos de Venezuella, S.A.*, 266 F.3d 343, 354-55 (5th Cir. 2001).

If a plaintiff seeks to make out a prima facie case of gender discrimination based only on circumstantial evidence, this court will analyze her evidence under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 250 Fed. Appx. 622, 624 (5th Cir. Miss. 2007). Should the plaintiff meet her burden of establishing a prima facie case, the burden then shifts to the defendant to show a legitimate, nondiscriminatory explanation for the adverse employment action. *Id.* Thereafter, the plaintiff is afforded an opportunity to show that the explanation

5

offered by the defendant is false. *Id.*

The defendant first argues that plaintiff cannot establish a prima facie case because plaintiff did not apply for the Park Worker II position. A plaintiff's failure to apply for a position, however, is not fatal to a discrimination claim. *See Claiborne v. Illinois C. Railroad*, 583 F.2d 143, 150-151 (5th Cir. 1978). *See also Mauro v. Southern New Eng. Telcomms., Inc.*, 208 F.3d 384, 387 (2d Cir. 2000) (requirement that a plaintiff apply for a position does not apply where "the plaintiff indicated to the employer an interest in being promoted to a particular class of positions, but was unaware of specific available positions because the employer never posted them. In such a situation, requiring the plaintiff to show that he or she applied for the specific jobs at issue would be unrealistic, as an employee by definition cannot apply for a job that he or she does not know exists.") Plaintiff argues that she told management that she was interested in becoming a Park Worker II and should have been considered for the position. The defendant does not dispute plaintiff's expressed prior interest. Defendant's challenge to plaintiff's lawsuit on the basis of failure to apply is without legal or factual support here.

The court finds that plaintiff has established a prima facie case of gender discrimination. She has shown that she is a member of the protected class, who inquired about a position not posted, that she was qualified for the position, but rejected as the position was awarded to a male.

The burden now shifts to the defendant to put forth a legitimate non-discriminatory reason for not promoting plaintiff. Defendant contends that it hired Belton for the position in question due to a legislative directive to eliminate part-time

positions by identifying part-time employees and determining if those employees are interested in full-time positions.[8] The defendant further offers a comparison of Belton's application for the Park Worker II position with Nathaniel's application for Park Worker I. Belton has a college degree, having graduated from Tougaloo College, Tougaloo, Mississippi, with a Bachelor of Arts in Psychology, and Nathaniel has no college diploma. Additionally, the defendant says it compared the length of Belton's previous employment with plaintiff's. The applications of plaintiff (her application for Park Worker I) and that of Belton (his application for Park Worker II) show that despite plaintiff being older and having a longer work history than Belton, Belton had worked in a full-time position, i.e., forty plus hours weekly, for the same employer for nine years in comparison to Nathaniel's longest span with the same employer in a full-time position, which was slightly more than three years that she had worked with the defendant at the time of the promotion in question.

The court will not substitute its judgment as to experience for that of the

---

[8]The defendant submits an excerpt of the Mississippi State Personnel Board Policy and Procedures Manual (Revised April 2004) and directs the court to section 4.21.10, which states:

    A.    Agency only non-competitive promotions shall include: (1) promotion of state service employees to state service positions, and (2) promotion of state service, part-time, time-limited and/or other State Personnel Board purview non-state service employees who are employed by the appointing authority and who have completed at least six (6) months of continuous service.

    B.    Agencies shall submit a current copy of an Experience and Training Record along with the appropriate position-employee data for those employees to be considered for agency only non-competitive promotion.

    C.    Only those employees meeting the applicable selection criteria shall be approved for non-competitive promotion by the State Personnel Director.

employer. *EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1445 (5th Cir. 1995) (holding that despite the record showing that the plaintiff had substantially more supervisory and compliance experience than the selectees, the court will not "substitute its judgment for the employer in evaluating what types of experience are most valuable for an employee . . . in the absence of proof that the standards were not consistently applied or were so irrational or idiosyncratic as to suggest a cover-up") (citing *Elliott*, 741 F.2d at 566-67; *Little v. Republic Refining Co., Ltd.*, 924 F.2d 93, 97 (5th Cir.1991); *Laurence v. Chevron, U.S.A., Inc.*, 885 F.2d 280, 285 (5th Cir.1989); *Bienkowski v. American Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir.1988)).  The court finds that the defendant has put forth a legitimate, non-discriminatory reason for its selection of Belton.

     Having found both that plaintiff has shown a prima facie case for discrimination, while the defendant has shown a legitimate, nondiscriminatory reason for plaintiff's non-selection, the court's inquiry focuses intently on determining whether plaintiff has shown that a genuine issue of material fact exists that the defendant's stated reason is pretextual.  *Maurer v. Am. Airlines*, 249 Fed. App'x 341, 343 (5th Cir. 2007).  Plaintiff may establish this pretext by one of two different  methods: (1) by actually demonstrating that she was "clearly better qualified than the person selected for the position," or (2) by submitting evidence that Defendant's "proffered explanation is false or unworthy of credence." *Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007).

     The submitted evidence does not persuade this court that plaintiff has clearly

demonstrated that she was better qualified for the position. Nor has plaintiff presented any evidence to show that defendant's proffered explanation is false or unworthy of belief. Plaintiff does not dispute the legislative directive at issue here. Consequently, this court must dismiss plaintiff's claim of gender discrimination.

**B. Retaliation**

The *McDonnell Douglas* test is also applicable to Title VII unlawful retaliation cases. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427 (5th Cir. 2000). Thus, plaintiff must first establish a prima facie case of retaliation before the burden of production shifts to the defendant to proffer a legitimate, non-retaliatory reason for the adverse employment action. *Id.* Finally, the burden falls on the plaintiff to show that the defendant's proffered explanation is a pretext for unlawful retaliation. *Id.*

To establish a prima facie case of unlawful retaliation under Title VII, plaintiff must show (1) that she engaged in an activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996). If a plaintiff succeeds in making a prima facie case, the burden then shifts to the defendant to proffer a legitimate rationale for the underlying employment action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004) (citing *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001)). Once the employer offers a legitimate, nondiscriminatory reason that explains both the adverse action and the timing, the plaintiff must offer some evidence from which the jury may infer that retaliation was the real motive." *McCoy*, 492 F.3d at 562 (5th Cir. 2007), that is the

burden shifts back to the plaintiff to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation. In order to defeat summary judgment, the employee must offer proof that "but for" the protected activity, the adverse employment action would not have occurred. *Seaman v. CSPH, Inc.*, 179 F.3d 297 (5th Cir. 1999). "Whether summary judgment is appropriate . . . depends on numerous factors, including the strength of the employee's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).

      Plaintiff alleges in her complaint that the defendant retaliated against her "by subjecting [her] to adverse treatment as a result of [her] filing a charge of discrimination." Plaintiff filed a Charge of Discrimination on January 6, 2007. When plaintiff was asked during her deposition how she was retaliated against, she responded that she was retaliated against when as of December 6, 2006, she "wasn't allowed to work back down in the office anymore." (Nathaniel deposition, p.45). Since the above dates show that the alleged act of retaliation occurred *before* the protected activity (the filing of the EEOC complaint), plaintiff cannot meet her burden to show that the adverse employment activity in December 2006 would not have occurred "but for" the protected activity in January 2007.

      At oral argument, plaintiff counsel advanced the theory of "mistaken perception," citing *Fogleman v. Mercy Hospital, Inc.*, 283 F.3d 561, 571 (3d Cir. 2002) (an employer's discharge of an employee for discriminatory reasons amounts to illegal retaliation even if it is based on the employer's mistaken belief that the employee

10

engaged in protected activity). For factual support, plaintiff points this court to page 45 of her deposition where the dialogue occurred as follows:

> Q: . . . How were you retaliated against?
>
> A: As of December the 6th I wasn't allowed to work back down in the office anymore. And Amy [Cooley] came back and told me what Will [Busby] had said is that, "Don't tell Darlene any damn thing else. If she wants to know something let her come to me. Don't even tell her, not even nobody's last name, because she's done went to the damn governor." And those was his exact words, what Amy told me.

From this, plaintiff reasons that defendant retaliated against her in response to a belief that she had made a complaint of sex discrimination to the Governor, but plaintiff fails to embrace the portion of the mistaken perception theory that requires plaintiff to show that the mistakenly-perceived protected action was the cause of the defendant's adverse action. *Fogleman*, 283 F.3d at 572. Plaintiff cannot provide a date when Amy Cooper purportedly made this statement. Additionally, Amy Cooper is not in management and qualified to speak for the defendant, so as to insulate this conversation from hearsay. Unsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact. *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 Fed. Appx. 159, 161 (5th Cir. 2008). The testimony supporting plaintiff's mistaken perception theory is inadmissible, but even if admissible, it lacks any time basis. We do not know when this statement was made.

Further, Nathaniel has failed to show how not working in the office anymore constitutes an adverse employment action. "Whether a particular reassignment is materially adverse depends upon the circumstances of the particular case, and should

11

be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009). She testified in her deposition that she was not terminated.[9] She testified that she held the same position and had the same duties when she went on leave as when she started. A lateral reassignment to a position with equal pay could amount to a materially adverse action in some circumstances. *Id. White*, 548 U.S. at 71, 126 S.Ct. at 2417 (2006). However, a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action. *Griffin v. CITGO Petroleum Corp*, 344 Fed. Appx. 866, 868 (5th Cir. 2009).

Plaintiff has failed to maintain her retaliation claim in the face of summary judgment. Therefore, plaintiff's claim of retaliation under Title VII is also dismissed.

### C. Intentional Infliction of Emotional Distress

Plaintiff concedes that her claim for intentional infliction of emotional distress should be dismissed. The claim is dismissed.

### D. Punitive Damages

Plaintiff prays for punitive damages for defendant's alleged intentional acts in violation of plaintiff's federal and state protected rights. Defendants correctly point out, however, that both state and federal law preclude punitive damage awards in this case.

Mississippi Code Annotated § 11-46-15(2) states that "[n]o judgment against a

---

[9] Nathaniel went on leave, which eventually became leave without pay when her personal and sick time ran out somewhere in November or December of 2007. The record is unclear about when she initially took leave.

governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award for exemplary or punitive damages ..." Title VII also clearly precludes punitive damage awards against governments, government agencies, and political subdivisions. Title 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)... ."); *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 465-66 (5th Cir. 2001) (holding that assessment of punitive damages in a Title VII claim against a sheriff constituted plain error and reversing the award even though the appellants failed to properly preserve their objection). Because of the clear prohibition of punitive damage awards against state agencies, plaintiff cannot recover punitive damages under Title VII. Accordingly, plaintiffs' claim for punitive damages is hereby dismissed.

### III. Conclusion

For the reasons outlined above, this court finds that plaintiff has failed to supply sufficient evidence to survive summary judgment under the *McDonnell Douglas* framework. Therefore, this court hereby grants defendant's motion for summary judgment [docket. no. 22] in all respects. This court, in accordance with the local rules, will enter a separate final judgment.

**SO ORDERED** this 25th day of May, 2010.

                                       **s/ HENRY T. WINGATE**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**

Civil Action No. 3:07cv549 HTW-LRA
Memorandum Opinion and Order